UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE SILVER,<br><br>    Plaintiff,<br><br>    v.<br><br>GREYSTAR CALIFORNIA, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-00698-SI<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Plaintiff brought suit under the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*, as well as several state law causes of action. Dkt. No. 12, First Amended Complaint. This Court had federal question jurisdiction over the FHA claim and supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367.

On June 13, 2023, plaintiff moved for leave to amend the First Amended Complaint. Dkt. No. 63. The proposed amendment would withdraw plaintiff's sole federal claim, leaving only the state law claims. *Id.* Defendants opposed, arguing that plaintiff was attempting to forum shop by destroying this Court's jurisdiction over the matter. Dkt. No. 68. The Court granted the motion for leave to amend and requested briefing addressing whether this Court should retain supplemental jurisdiction over the remaining state law claims. Dkt. No. 70.

On August 21, plaintiff filed a brief arguing that this Court should not retain supplemental jurisdiction over the remaining state law claims. Dkt. No. 72. On August 25, defendants filed a notice of non-opposition to plaintiff's brief. Dkt. No. 73.

Generally, when all federal claims are dismissed prior to trial, district courts should decline to exercise supplemental jurisdiction over state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *see Acri v. Varian Assocs., Inc.*,

1   114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (finding that courts have discretion to continue to exercise supplemental jurisdiction after federal claims have been dismissed but should usually decline to do so). In deciding whether to retain supplemental jurisdiction, the Court must balance four factors: judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 343, 108 S. Ct. 614, 615, 98 L. Ed. 2d 720 (1988). Here, although this case has been long delayed by discovery disputes and an attorney withdrawal, no substantive motions have been decided. In light of the early state of litigation and the parties' agreement that the state law claims should be dismissed, this Court finds no reason to exercise supplemental jurisdiction over plaintiff's remaining claims.

Plaintiff's complaint is hereby **DISMISSED without prejudice.**

**IT IS SO ORDERED**.

Dated: August 29, 2023

_____
SUSAN ILLSTON
United States District Judge